**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

PIA & NICHOLAS MERGLIANO, h/w       :
            Plaintiff,
   v.

MGC MORTGAGE, INC.;       : CIVIL ACTION NO. 11-2223

        Defendants.   : JURY TRIAL IS DEMANDED.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, by and through her counsel, Robert P. Cocco, hereby moves this Honorable Court for leave to amend her complaint to name an additional defendant. In support thereof, plaintiff avers as follows:

1. Plaintiff filed her action against mortgage lender and servicer on March 29, 2011, based on violation of the FDCPA by defendant as servicer of a loan asserted to be in default due to non-payment of 2009 property taxes.

2. Two (2) issues have arisen in the course of the litigation and in discovery that requires plaintiffs amend their complaint to; 1) allege fraud against MGC and demand equitable relief, and; 2) name their loan's alleged owner as a defendant under state causes of action.

**Fraud of and Equitable Relief from MGC**

3. While defendant MGC has finally corrected recently the servicing error which prompted this litigation, it continues to defectively account for plaintiffs' mortgage payments (see Ex. "A" hereto being plaintiffs' most recent MGC mortgage statement showing plaintiffs a month in arrears, but MGC's computer record showing all payments current in contradiction to the statement).

4. Plaintiffs, especially plaintiff Pia Mergliano who suffers from a heart

condition, cannot much longer withstand defendant's inability to properly service her mortgage going forward and believe that MGC's actions reflect not incompetence, but a deliberate device to take their home.

5. Plaintiffs consequently request that they be granted leave to amend their complaint to allege fraud against MGC and seek equitable relief in the form of liquidated damages for any future servicing errors by defendant MGC.

**Fraud of Alleged Loan Owner, LPP Mortgage, Inc.**

6. In the course of discovery, MGC has produced documentation allegedly showing ownership of plaintiffs' loan by MGC affiliated entity, LPP Mortgage, Ltd. ("LPP).

7. LPP, having no website or other apparent public presence other than as a foreclosing entity in google searches of its name, apparently buys damaged loan paper at a significant discount with the goal of foreclosing on the collateral to generate profits from such loan purchases.

8. LPP's proofs of ownership of plaintiffs' loan produced in discovery are grossly defective and plaintiffs therefore believe they are being defrauded of their mortgage payments by a stranger to their Note and Mortgage contracts", see Ex. "B".

9. LPP alleges ownership of plaintiff's Note and Mortgage via a chain of ownership gleaned from two (2) publically filed land record mortgage assignments as indicated in the following chronology:

07/12/04 - Mortgage assigned with Note via public filing from Ameriquest to MERS;

     ?   ---   - Ameriquest /MERS assignment to Loan Acquisition Corporation missing;

     7/15/08   - Loan Acquisition Corporation assignment to HSBC missing;

     02/11/09 - Mortgage assigned with Note via 5/11/09 public filing from Household (HSBC entity)/MERS to LPP (signed by Andrew Matsuda, employee of HSBC, not MERS);

     (Undated)  - Allonge (unattached) from Household to LPP.

10. Hence, the alleged assignment/transfer chain is as follows:

Ameriquest ⇨ Loan Acquisition Corporation ⇨ HSBC ⇨ LPP Mortgage[1]

11. This alleged chain of title is defective in that, first, there is no documentary support for either a transfer from MERS to Loan Acquisition Corporation or from the latter to HSBC and, second, the attempted transfer of plaintiff's Note by endorsement from HSBC is allegedly accomplished by an allonge produced in discovery as a free floating instrument and therefore legally invalid in Pennsylvania.

WHEREFORE, Plaintiffs request the court grant their motion to amend the complaint.

Dated: September 9, 2011               /s/ RC935
                                         ROBERT P. COCCO, P.C.

---

[1] MERS is omitted from the chain because MERS is, at most, merely a nominee for the assigning lender. MERS' real purpose is not to accurately record title transfers, but rather to save lenders/paper buyers the costs of land recording (or to cloud title and rip off local government units of these charges depending on how one views the issue).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PIA & NICHOLAS MERGLIANO, h/w          :
                     Plaintiff,
    v.

MGC MORTGAGE, INC.;                    :   CIVIL ACTION NO. 11-2223

               Defendants.   :   JURY TRIAL IS DEMANDED.

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND COMPLAINT**

**I. ARGUMENT**

Pursuant to F. R.C.P. 15, and based on the foregoing Motion for Leave to Amend their Complaint ("the Motion"), plaintiffs move for leave to amend their allegations against Defendant MGC and add LPP as an additional original party defendant.

F. R.C.P. 15(a) states that "leave [to amend] shall be freely given when justice so requires". There is no statutory bar to amendment of plaintiff's action for fraud because Plaintiffs made no payments to MGC/LPP concerning their loan until April, 2010.

To be valid in Pennsylvania, an allonge must be permanently affixed to the Note, Adams v. Madison Realty, 853 F.2d 163, (3rd Cir. 1988). LPP's undated free floating allonge is fatally defective under this standard to accomplish transfer of the loan. There is otherwise no evidence that the party executing the allonge, HSBC, ever legally acquired title from the loan's prior owner, whose evidence of acquisition is similarly lacking. LPP is a stranger to plaintiffs' loan accordingly.

**II. CONCLUSION**

Accordingly, plaintiff respectfully requests entry of an Order granting her Motion for leave to amend their complaint.

Respectfully submitted,

ROBERT P. COCCO, P.C.

<u>RC 935</u>
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200

Attorney for Plaintiff

<u>Certificate of Service</u>

    I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Motion to Amend and accompanying Memorandum of Law electronically and that all parties have been served via ECF email.

Dated:  September 9, 2011                                  <u>/s/ Robert P. Cocco</u>