IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIA AND NICHOLAS MERGLIANO, h/w | : | |
| Plaintiff, | : | |
| v. | : | No. 11-2223 |
| MGC MORTGAGE, INC. | : | |
| | : | DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY |
| Defendant. | : | |

Defendant, MGC Mortgage, Inc. ("Respondent" or "MGC") hereby responds as follows in opposition to the motion (the "Motion") of Plaintiffs Pia and Nicholas Mergliano ("Movants" or "Plaintiffs") to compel discovery:

### The Motion

Movants seek to compel MGC to further respond to discovery requests propounded by Movants based on Movants incorrectly contending that MGC falls within the definition of a "debt collector" under the Fair Debt Collections Practices Act ("FDCPA") §1692(a). At no time relevant to Plaintiffs' claim was MGC a debt collector under the FDCPA. Because MGC is not a debt collector, the discovery responses provided to Plaintiffs are complete and satisfactory, and Movants' motion must fail.

### Respondent's Response in Opposition to the Motion to Compel Discovery

The additional responses sought by Plaintiffs' Motion are based on the faulty premise that MGC has a status of a "debt collector" under the FDCPA. Plaintiffs' Motion is a desperate attempt to revive its defective claims against MGC. Because MGC is not a "debt collector" under the FDCPA, MGC's responses to Plaintiffs' discovery requests are satisfactory.

1

The FDCPA, under 15 U.S.C.A. §1692(a)(6)(B), states: "The term [debt collector] does not include. . . any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control. . ." The holder of the Mortgage, LPP Mortgage Ltd., is an affiliated entity with MGC, the servicer of the Loan. Consequently, MGC is exempt from the definition of debt collector.

Plaintiffs contend that regardless of MGC's relationship with the holder of the Mortgage, MGC is still considered a debt collector because the loan was in default at the time MGC began servicing in October 2009. Plaintiff's contention in this regard is inaccurate. MGC neither deemed nor treated the loan as in being default. See Affidavit of Michelle Conner attached hereto as Exhibit "A".

The FDCPA, under 15 U.S.C.A. §1692(a)(6)(F)(iii), excludes servicers who obtain servicing rights to a mortgage loan that is not in default. See Bentley v. Bank of America, N.A., 2011 WL 1097452 (S.D.Fla. 2011) ("Mortgage loan servicer did not qualify as 'debt collector,' under the Fair Debt Collection Practices Act (FDCPA), where the mortgage loan was not in default at the time the servicer obtained servicing rights to the loan, as the FDCPA explicitly excluded mortgage servicing companies from the definition of debt collector where the debt was not in default at the time it was assigned.").

Plaintiffs' Mortgage loan was not in default when MGC began servicing the loan. By failing to timely make all municipal tax payments, Plaintiffs breached a covenant of the Mortgage. However, Plaintiffs remedied this breach by making the $4099.88 payment to the taxing authority. Both the breach and the ensuing remedy occurred before the time that MGC began servicing the loan. Thus, the loan was never deemed in default by MGC, and the loan was never treated as if it was in default. Therefore, MGC cannot be considered a debt collector.

Because MGC is not a debt collector under the FDCPA, many of Plaintiffs' discovery requests are not relevant to this action or reasonable calculated to lead to otherwise discoverable evidence and are burdensome.

Plaintiffs have requested, in paragraphs 12 and 15-20 of their discovery requests, detailed information into the software and technology used including all software applications and databases used by MGC. The discovery requests into software and technology programs are in no way relevant to the subject matter at hand.

Similarly, Plaintiffs' request for MGC's policies on training its employees and internal disciplinary policies in paragraphs 9-11 of their discovery requests are equally irrelevant. The actions of MGC's employees are not relevant in the context of the FDCPA because MGC is not a debt collector. In addition, any error made in the accounting of the mortgage loan was done by the prior servicer, not MGC, a fact which Plaintiffs admit in their Motion. <u>See</u> Motion paragraph 4.

MGC responded to Defendant's discovery requests (the "Discovery Responses") within the agreed upon timeframe. A true and correct copy of the Discovery Responses are attached here to as Exhibit "B". In addition, MGC supplemented its responses through a letter dated August 29, 2011 (the "August 29th Letter"). A true and correct copy of the August 29th Letter is attached hereto as Exhibit "C". By responding as it has, MGC has fulfilled its obligations under the rules.

The August 29th Letter contained not only an accounting of the loan evidencing the correction of the escrowed $4099.88 tax payment, but also a disk containing copies of all of the recorded telephone conversations by MGC (the "Recordings"). Throughout the Recordings, Plaintiff Pia Mergliano repeatedly states that her loan is current and is not in default. In addition,

representatives of MGC repeatedly informed Plaintiff Pia Mergliano of an ongoing investigation into the $4099.88 escrow deficiency with the prior servicer.

Contrary to arguments made in Plaintiffs' Motion, MGC has not conceded it failed to correct any servicing error regarding a $4099.88 escrowed tax payment. Upon receiving notice of the servicing error, MGC promptly began an investigation with the prior servicer of the loan. MGC contacted the previous server to obtain further information about the $4099.88 escrowed tax payment. MGC had no way to verify the accuracy of Plaintiffs' contentions aside from requesting information the previous servicer. As highlighted in the Recordings, Plaintiffs were informed of this investigation multiple times. MGC received no response from the prior servicer despite several attempts to obtain information. It was not until June, 2011 that the prior servicer provided MGC with the information necessary to re-evaluate the accounting of Plaintiffs' loan. Upon that time, MGC promptly corrected the $4099.88 escrow account from the duplicate tax payment and informed Plaintiffs' counsel.

MGC has cooperated and complied with Plaintiffs' Discovery Requests through its Discovery Responses and the August 29th Letter.  Plaintiffs, on the other hand, have been uncooperative in the discovery process.  As of September 12, 2011, Plaintiffs' responses to Defendant's First Request for Admissions, Defendant's First Request for Production of Documents, and Defendant's First Request for Answers to Interrogatories Directed to Plaintiffs were all over-due.  Plaintiffs did not requested any extension of time to respond.

In sum, Plaintiffs' discovery requests represent nothing more than an undisciplined, shot-gun approach to discovery- an approach not supported by the rules. Defendant has fully and properly complied with its obligations.

**Conclusion**

MGC responds in opposition to the Motion and respectfully requests that the Court deny the Motion. MGC cannot be categorized as a debt collector under the FDCPA. Consequently, MGC's responses to Plaintiffs' discovery requests are satisfactory. In their Motion, Plaintiffs have misstated the issues within this case and have used their Motion as an incorrect means to establish facts that are simply not true. MGC is not a debt collector and as such, MGC does not owe any additional discovery responses.


Date:   September 21, 2011

*s/ Alyson H. Ricker*
Richard A. O'Halloran, Esquire
Alyson H. Ricker, Esquire
Attorney ID Nos. 41460, 309444
Burns White LLC
100 Four Falls, Suite 515
1001 Conshohocken State Road
West Conshohocken, PA  19428
(484) 567-5700
raohalloran@burnswhite.com
ahdricker@burnswhite.com