IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIA & NICHOLAS MERGLIANO,<br>    Plaintiffs,<br><br>    v.<br><br>MGC Mortgage, Inc.,<br>    Defendant. | CIVIL ACTION<br><br>NO. 11-2223 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                        **October 26, 2011**

Before the Court is Plaintiffs' Amended Motion for Leave to Amend the Complaint.[1] For the reasons that follow, the Motion will be granted in part and denied in part. Plaintiffs are granted leave to amend to add the proposed additional claims against Defendant MGC Mortgage, Inc. ("MGC") only.

### I. BACKGROUND

Plaintiffs Pia and Nicholas Mergliano, husband and wife, allege that Defendant MGC assumed servicing of their mortgage loan in March 2010 and thereafter began unlawful collection practices in violation of the Fair Debt Collection Practices Act[2] ("FDCPA").[3] According to Plaintiffs, MGC incorrectly determined that the mortgage was in arrears and, beginning in May 2010, demanded that Plaintiffs pay $3,800 in addition to their regular monthly mortgage

---

[1] Doc. No. 14.

[2] 15 U.S.C. § 1692 *et seq.*

[3] Compl. ¶¶ 12, 23, 26-30.

1

payments.[4]  Although Plaintiffs concede that they were in arrears on their 2009 property and school taxes "prior to the events described [in the Complaint]," they assert that they consistently paid their insurance premiums and monthly mortgage payments at all times and were not in arrears at the time MGC began its attempt to collect additional sums.[5]  The Complaint contains two counts: Count I alleges a violation of the FDCPA and Count II alleges defamation.

On September 9, 2011, Plaintiffs filed a Motion for Leave to Amend the Complaint.[6]  On September 26, 2011, Plaintiffs filed an Amended Motion for Leave to Amend the Complaint, thereby rendering the initial Motion to Amend moot.[7]  Plaintiffs submit that, since the time the Complaint was filed, new facts have come to light which support the assertion of additional claims, the deletion of others, and the addition of a new defendant, LPP Mortgage, Ltd. ("LPP"), the alleged holder of Plaintiffs' mortgage.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts "should freely give leave when justice so requires."[8]  The Third Circuit instructs courts to grant leave unless: (1) an amendment would be futile or there has been undue delay in the amendment; (2) the court finds bad faith or dilatory motive by the moving party; (3) an amendment would cause prejudice to the non-moving party; or (4) the

---

[4] Compl. ¶¶ 14.

[5] Compl. ¶¶ 10, 18.

[6] Doc. No. 10.

[7] Doc. No. 14.

[8] Fed. R. Civ. P. 15(a).

moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed.[9]  The liberal right to amend applies equally to complaints and answers.[10]

In the instant case, discovery just commenced, Plaintiffs have not before amended the Complaint, and MGC has not asserted that it would be prejudiced by an amendment.  MGC argues that Plaintiffs filed the Amended Motion to Amend after MGC submitted its response to the initial Motion to Amend "presumably" because Plaintiffs reviewed MGC's response and determined that the initial Motion to Amend was insufficient.  Based on this assumption, MGC argues that Plaintiffs filed the Amended Motion in bad faith. This argument is speculative at best and will not serve as the basis for a denial of the Amended Motion to Amend here.[11]  Thus, the only potential basis for denial of leave to amend is futility.

### III. DISCUSSION

"The standard of legal sufficiency set forth in Fed. R. Civ. P. 12(b)(6) determines whether a proposed amendment would be futile."[12]  Accordingly, a court may deny a request for leave to amend based on futility only where the complaint, as amended, would fail to state a claim upon which relief could be granted.[13]  In determining whether the proposed amendment states a

---

[9] Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citing Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)).

[10] Long, 393 F.3d at 400 (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981)).

[11] While courts include bad faith as a factor, it is rarely invoked as the sole reason for denying amendment and often arises when delay is unexplained or amendment is prejudicial.  See, e.g., Nat'l Bank of Wash. v. Pearson, 863 F.2d 322, 328 (4th Cir. 1988) (inferring ill motive when motion to amend was filed 4 years after initial counterclaim without excuse for delay).  Here, the Motion comes very early in the litigation and MGC does not assert it would be prejudiced by the amendment.

[12] Anderson v. City of Philadelphia, 65 F. App'x 800, 801 (3d Cir. 2003).

[13] Id.

plausible claim, the court must consider only those facts alleged in the proposed amended complaint, accepting the allegations as true and drawing all logical inferences in favor of Plaintiffs.[14]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[15]  If the Court finds that the proposed amended complaint does *not* contain "enough facts to state a claim to relief that is plausible on its face,"[16] amendment would be futile and the request for leave to amend should be denied.  Conversely, if the court determines that the proposed amended complaint states a claim which is plausible on its face, amendment would not be futile and the request for leave to amend will be granted.

In the instant action, Plaintiff seeks leave to amend to (1) add LPP Mortgage, Ltd. ("LPP") as a defendant; (2) add a cause of action under the Fair Credit Extension Uniformity Act ("FCEUA")[17] against MGC and LPP; and (3) add a cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[18] against MGC and LPP.  The Court will address the amendments pertaining to proposed defendant LPP, before addressing the amendments pertaining to MGC

---

[14] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Farzan v. United Parcel Serv., Inc., No. 10-1417, 2011 WL 3510860, at *1 (D.N.J. Aug. 8, 2011); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[15] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).

[16] Id. at 570.

[17] 73 Pa. Stat. Ann. § 2270.1 *et seq.*

[18] 73 Pa. Stat. Ann. §§ 201-1 to 205-10.

A.  **The Addition of Claims Against LPP**

If the claims Plaintiffs propose to add against LPP fail to state a claim, then the addition of LPP as a defendant will not be permitted.  The Court will therefore assess the viability of the proposed claims to determine whether Plaintiffs should be granted leave to amend to add LPP as a defendant.  The proposed amended complaint adds two claims against LPP: one for a violation of the FCEUA and the other for a violation of the UTPCPL.  Plaintiffs have failed to allege sufficient facts to state a claim that is plausible on its face under either statute.[19]

1.  The FCEUA

The Pennsylvania FCEUA "establishes what shall be considered . . . unfair or deceptive acts or practices with regard to the collection of debts."[20]  The statute applies both to debt collectors and creditors and, with respect to the latter, prohibits deceptive communication by a creditor to a borrower in connection with the collection of a debt.[21]  In the proposed amended complaint, Plaintiffs allege that LPP violated the FCEUA when it "falsely claimed ownership" of Plaintiffs' loan, despite its defective chain of title.[22]  According to Plaintiffs, the following acts of LPP "constitute numerous and multiple violations" of the FCEUA and the UTPCPL:

> a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; b) The use of

---

[19] See Twombly, 550 U.S. at 570 (holding that plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," to withstand a motion to dismiss).

[20] 73 Pa. Stat. Ann. § 2270.2.

[21] 73 Pa. Stat. Ann. § 2270.4; see also Garczybski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 515 (E.D. Pa. 2009).

[22] Revised Proposed Am. Compl. ¶¶ 22-25.

5

false, deceptive or misleading representations or means in connection with the collection of a debt; c) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt; d) The use of false representation or deceptive means to collect a debt or obtain information about a consumer; e) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt; f) Attempting to collect any amount not authorized by agreement or permitted by law.[23]

These allegations, although detailed, represent only a formulaic recitation of prohibited debt collection practices under the FCEUA.[24] They are merely examples of the types of communication which constitute a violation of the FCEUA, not factual allegations which support Plaintiffs' FCEUA claim. Despite correctly identifying those communications which violate the FCEUA, Plaintiffs have failed to allege facts from which the Court can infer that LPP engaged in such communications with Plaintiffs here. The proposed amended complaint does not identify a

---

[23] Revised Proposed Am. Compl. ¶ 46(a)-(f).

[24] Section 2270.4(b) of the FCEUA provides:

> [I]t shall constitute an unfair or deceptive debt collection act or practice under this act if a creditor violates any of the following provisions:
> . . .
> (4) A creditor may not engage in any *conduct the natural consequence of which is to harass, oppress or abuse any person* in connection with the collection of a debt. . . .
> . . .
> (5) A creditor may not use any *false, deceptive or misleading representation or means* in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> . . .
> (ii) The *false representation of the character, amount or legal status of any debt.*
> . . .
> (x) The use of any *false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*.
> . . .
> (6) A creditor may not use *unfair or unconscionable means to collect or attempt to collect any debt*. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, *unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

(emphasis added).

single communication between Plaintiffs and LPP, much less one that amounts to an attempt to collect a debt.[25]  It contains only conclusory allegations that LPP "falsely claimed ownership" of Plaintiffs' loan and that LPP engaged in the types of communication which violate the FCEUA.  These allegations are not sufficient to meet the plausibility standard of Twombly.  Thus, the addition of a FCEUA claim against LPP would be futile.

    2.    The UTPCPL

The Pennsylvania UTPCPL prohibits "unfair methods of competition" and "unfair or deceptive acts or practices," and provides a private cause of action for persons who suffer loss resulting from these deceptive acts.[26]  To state a claim under the UTPCPL, a plaintiff must allege that the defendant engaged in deceptive conduct and that plaintiff, in justifiably relying on such conduct, suffered an ascertainable loss.[27]  "[A] plaintiff must allege with particularity the elements necessary to support a violation . . . as to a particular Defendant."[28]  Here, the proposed amended complaint does not contain facts which support a claim for a violation of the UTPCPL, much less facts which state this claim with particularity.  Plaintiffs do not allege with particularity that LPP engaged in deceptive conduct.  As with the FCEUA claim, Plaintiffs do not identify any specific communication or representation that LPP made to them, that deceived them and caused them ascertainable loss.  The proposed amendment would therefore be futile.

---

[25] See Hartman v. Deutsche Bank Nat'l Trust. Co., No. 07-5407, 2008 WL 2996515, at *3-4 (E.D. Pa. Aug. 1, 2008); see also Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 515 (E.D. Pa. 2009).

[26] 73 Pa. Stat. Ann. §§ 201-2(4), 201-9.2.

[27] Caroselli v. Allstate Prop. & Cas. Ins. Co., No. 10-1671, 2010 WL 3239356, at *7 (E.D. Pa. Aug. 16, 2010).

[28] Hartman, 2008 WL 2996515, at *4 (internal quotation and citation omitted).

Since the proposed amendments do not state plausible claims against LPP, the Court will deny the request for leave to amend to add such claims against LPP and to add LPP as a defendant.

**B.** **The Addition of Claims Against Defendant MGC**

MGC is a named party to this litigation. The Complaint contains two claims against MGC: one for a violation of the FDCPA (Count I) and the other for defamation (Count II). The proposed amendment seeks only to substitute a FCEUA claim and a UTPCPL claim for the defamation claim. With respect to debt collectors,[29] where a plaintiff states a claim for a violation of the FDCPA, he has also stated a claim for a violation of the Pennsylvania FCEUA,[30] and, in stating a claim for a violation of the FCEUA, has also stated a claim for a violation of the Pennsylvania UTPCPL.[31] Since the Complaint contains a claim for a violation of the FDCPA, the proposed addition of a FCEUA and a UTPCPL claim will not be futile so long as Count I states a claim under the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

---

[29] Plaintiffs allege that MGC is a debt collector here.

[30] 73 Pa. Stat. Ann. § 2270.4(a) ("It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act.").

[31] 73 Pa. Stat. Ann. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the . . . Unfair Trade Practices and Consumer Protection Law."). This is not necessarily the case for creditors. See, e.g., Van Veen v. AT&T Corp., No. 10-1635, 2011 WL 4001004, at *6 (E.D. Pa. May 25, 2011). The UTPCPL requires that a plaintiff state with particularity the elements necessary to support a violation as to a particular defendant. Garczyzinski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 515 (E.D. Pa. 2009). Unlike the allegations pertaining to LPP, the allegations pertaining to MGC are specific in time and content, and are sufficient to state a claim with particularity as to MGC.

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[32]  The FDCPA applies to "debt collectors," which are defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include--
>
> . . .
>
> **(B)** any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>
> . . .
>
> **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person.[33]

MGC contends that is not a debt collector within the meaning of the FDCPA because it is "affiliated with" LPP, the holder of the mortgage and loan at issue, and because, at the time it began servicing the loan, MGC did not treat the loan as being in default.  Plaintiffs disagree.  At this stage of the proceedings, Plaintiffs' factual allegations must be accepted as true and the relationship between the parties has not been fully exposed through discovery.  Plaintiffs have alleged sufficient facts to support the inference that MGC is a debt collector.  Whether the claims will ultimately prove true is not the question presently before the Court.  The Court will therefore grant Plaintiffs' request for leave to amend to add both a FCEUA claim and a UTPCPL claim

---

[32]  15 U.S.C. § 1692(e).

[33]  15 U.S.C. § 1692a(6).

against MGC.

### IV. Conclusion

For the foregoing reasons, the Amended Motion to Amend will be granted in part and denied in part. Plaintiffs are granted leave to amend to add the proposed additional claims against Defendant MGC only.

An appropriate Order follows.